# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAWRENCE BREEDLOVE, | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV 16-356-JHP-KEW |
| JEORLD BRAGGS, Jr., Warden, | ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the Court on Petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (Dkt. 1). Petitioner is a pro se prisoner in the custody of the Oklahoma Department of Corrections (DOC) who currently is incarcerated at Lexington Correctional Center in Lexington, Oklahoma. He is challenging the execution of his life sentence for First Degree Murder in Oklahoma County District Court Case No. 72-1881.

Petitioner alleges that on September 5, 1996, he completed serving his Oklahoma life sentence when he was sentenced to three prison terms by the State of Washington. (Dkt. 15-3). He further contends he completed serving all of his Washington and Oklahoma sentences when the Washington sentences expired on March 7, 2007, and has been held illegally since then. Petitioner also claims he has been subjected to double jeopardy and that he is being denied due process

Petitioner participated in the August 4, 1972, robbery of an Oklahoma City grocery store, and the execution-style murders of the store's clerk, the clerk's wife, and their six-year-old son. (Dkt. 15 at 2). *See also Breedlove v. State*, 525 P.2d 1254, 1255 (Okla. Crim. App. 1974). He was convicted of First Degree Murder and Robbery with a Dangerous Weapon, and was sentenced to death for each crime. *Id.* In 1973, however, the Oklahoma Court of Criminal Appeals (OCCA) commuted his two death sentences to consecutive life sentences

in line with *Furman v. Georgia*, 408 U.S. 238 (1972). *Id.*

Petitioner served his life sentence for Robbery with a Dangerous Weapon until he was paroled on September 15, 1987, and rebilled to the Oklahoma life sentence for First Degree Murder in Case No. 72-1881. (Dkt. 15-2 at 1). On June 9, 1992, he escaped from prison and did not resume serving his Oklahoma sentence until March 7, 2007. *Id.* at 2, 4.

A month after his escape from the DOC facility, Petitioner was in Tacoma, Washington, being held and eventually charged with another murder after he stabbed a man to death. (Dkt. 15 at 3). He pleaded guilty to Manslaughter in the First Degree, Unlawful Imprisonment, and Assault in the Third Degree, receiving sentences of 10 years, 5 years, and 5 years, respectively, to resolve the pending murder charge. (Dkt. 15-3). He remained in the State of Washington, serving Washington state sentences until October 15, 1998, when he was sent back to Oklahoma, in accordance with an Interstate Corrections Compact agreement, to continue serving his Washington sentences in Oklahoma. (Dkt. 15-4).

Petitioner served the Washington sentences in Oklahoma until March 7, 2007, when the State of Washington determined the sentences had been completed. He then resumed serving his life sentence for Murder in Case No. CRF-1972-1881. (Dkt. 15-2 at 1-2, 4). According to Petitioner's Consolidated Record Card, he has not completed serving his life sentence for the Oklahoma murder, and he has a remaining balance of "life" left to serve. (Dkt. 15-2 at 7).

Petitioner has filed numerous, unsuccessful challenges to his incarceration in the Oklahoma state courts, *see* Dkt. 15-5, and in the United States District Court for the Western District of Oklahoma, *see Breedlove v. Mullin*, No. CIV-04-826-F (W.D. Okla. Jan. 3, 2005) (Order Adopting Report and Recommendation) (denying habeas petition as barred by the statute of limitations). In its Order affirming the denial of his sixth post-conviction

application, the OCCA found Petitioner "is serving a sentence of life imprisonment. Petitioner's murder conviction and life sentence have not been overturned in direct appeal or post-conviction proceedings." *Breedlove v. Okla. Dep't of Corr.*, No. PC-2015-766, slip op. at 1 (Okla. Crim. App. Nov. 24, 2015) (Dkt. 2-29 at 1). Petitioner has not argued or presented any evidence showing he has been granted a reprieve, pardon, commutation, or parole.

Respondent alleges, among other things, that the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d). The applicable section of the statute reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-- . . .
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(D). The one-year limitations period also applies to § 2241 habeas corpus actions. *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003).

The Court finds that the last date Petitioner could reasonably assert as the factual predicate would be March 7, 2007, when he completed serving his Washington state sentences. He then had until March 8, 2008, to commence this habeas action. His petition, however, was not filed until July 19, 2016 (Dkt. 1 at 9). Thus, the petition is barred by the statute of limitations.

The Court further finds Petitioner has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also* 28 U.S.C. § 2253(c). Therefore, Petitioner is denied a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

**ACCORDINGLY,** Petitioner's petition for a writ of habeas corpus (Dkt. 1) is DENIED, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 16th day of September 2019.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma