# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **LAWRENCE BREEDLOVE,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV 16-356-JHP-KEW |
| | ) |
| **JEORLD BRAGGS, JR., Warden,** | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Before the Court are Petitioner's motion to reconsider the denial of his petition for a writ of habeas corpus (Dkt. 31), his motion for relief from late filing of a notice of appeal (Dkt. 43), and his motion for status of motion for relief from late filing of appeal (Dkt. 46). For the reasons set forth below, all three motions must be DENIED.

**Motion to Reconsider Denial of Habeas Corpus Petition**

On September 16, 2019, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 was denied as barred by the statute of limitations (Dkt. 29). On October 28, 2019, he filed an objection to the dismissal of his case (Dkt. 31), which was construed as a motion to reconsider the Court's decision (Dkt. 37). Because the motion was filed more than 28 days after the entry of judgment, the motion is construed as arising under Fed. R. Civ. P. 60(b). *See* Fed. R. Civ. P. 59(b); Fed. R. Civ. P. 60(c)(1).

The Court may reconsider a final decision if the moving party shows "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or]

(3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citation omitted). The Court "is vested with considerable discretion" in determining whether to grant or deny such a motion. *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996). Rule 59(e) of the Federal Rules of Civil Procedure, however, does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier. *Id.* "A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider." *Cline v. S. Star Cent. Gas Pipeline, Inc.*, 270 F. Supp. 2d 1130, 1132 (D. Kan. 2005) (citation omitted), *aff'd*, 191 F. App'x 822 (10th Cir. 2006). Granting a motion to alter or amend is an "extraordinary remedy which is used sparingly," in recognition of the interests in finality and the conservation of judicial resources. *Torre v. Federated Mut. Ins. Co.*, 906 F. Supp. 616, 619 (D. Colo. 1995), *aff'd*, 124 F.3d 218 (10th Cir. 1997); *cf. Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006) (discussing related standard under Rule 60(b)).

As an initial matter, Petitioner complains that this Court should have transferred this case back to the United States District Court for the Western District of Oklahoma, where it originated. The record, however, shows that when the action was commenced in the Western District of Oklahoma, he was incarcerated at Oklahoma State Penitentiary in McAlester, Oklahoma, which is in the Eastern District (Dkt. 1). Therefore, the case was properly transferred to this district (Dkt. 8), and as stated in the Court's Order entered

on May 16, 2017, there was no basis for returning it to the Western District when Petitioner was moved to a facility in the Western District (Dkts. 16, 21). *See Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000).

Petitioner also alleges the Court erroneously assumed the petition was a challenge to the execution of his life sentence for first degree murder in Oklahoma County District Court Case No. 72-1881. Instead, he asserts the petition requested immediate release, because the Department of Corrections had violated the terms of an agreement concerning his pre-parole conditional supervision status with respect to the life sentence. He argues his pre-parole status is the same as parole, and he was entitled to the same due process protections of notice and a hearing before having his pre-parole status revoked. Nonetheless, the Court finds Petitioner's habeas claim arose from the execution of his life sentence, so there was no error in this characterization by the Court.

Petitioner further claims the Court's determination that the petition is time barred is incorrect. He alleges he initially attempted to resolve the issue of his unlawful confinement in August 2000 in Pittsburg County District Court Case No. C-2000-452.[1] He asserts the state-court proceedings concluded on November 24, 2015, in Case No.

---

[1] The Court takes judicial notice of the public records of the Oklahoma State Courts Network (OSCN) at http://www.oscn.net. *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014). According to the records, on April 25, 2000, Petitioner filed a state petition for a writ of habeas corpus in Pittsburg County District Court Case No. C-2000-452. The state district court denied the petition on September 7, 2000, and on May 7, 2001, the Oklahoma Court of Criminal Appeals assumed jurisdiction and also denied the petition.

PC-2015-766,[2] and his habeas petition was timely filed on July 19, 2016. The issue, however, is when the tolling period began, not when his state-court proceedings concluded.

As set forth in the Court's September 16, 2019, Opinion and Order, the latest date which reasonably could be asserted as the factual predicate of Petitioner's claim under 28 U.S.C. § 2241(1)(D) was March 7, 2007, when Petitioner completed his Washington state sentences and resumed serving his Oklahoma life sentence. Therefore, the deadline for commencing a federal habeas action on the claim was March 8, 2008. *Id.* The petition, however, was not filed until July 19, 2016. The Court correctly found the petition was time-barred. Therefore, Petitioner's motion to reconsider the denial of his petition for a writ of habeas corpus (Dkt. 31) is DENIED.

**Motions for Relief from Late Filing of Notice of Appeal and for Status of Motion for Relief from Late Filing of Appeal**

Petitioner also has filed a motion for relief from his late filing of a notice of appeal through no fault of his own (Dkt. 43). Petitioner alleges he did not receive a copy of the September 16, 2019, Opinion and Order denying his habeas petition until October 1, 2019, because of a state-wide prison lockdown resulting from gang violence. He has submitted a copy of the Legal Mail Log indicating he received mail from this Court on October 1, 2019 (Dkt. 43 at 3).

---

[2] The OSCN indicates the denial of Petitioner's sixth application for post-conviction relief was affirmed by the Oklahoma Court of Criminal Appeals on November 24, 2015 in Case No. PC-2015-766.

Petitioner further claims that during the lockdown, prisoners were required to submit Requests to Staff (RTS) to gain access to the facility's legal resources. He has submitted a copy of his RTS received by the prison law library supervisor on October 4, 2019, requesting access to the law library to meet an appellate deadline (Dkt. 43 at 4). The October 4, 2019, response to the RTS stated the required form was attached. *Id.* Petitioner contends the consequences of the lockdown resulted in his late filing of the notice of appeal on October 28, 2019 (Dkt. 32).

On November 13, 2019, the Tenth Circuit Court of Appeals entered an Order in Case No. 19-7058 concerning appellate jurisdiction based on the late filing of Petitioner's notice of appeal (Dkt. 43 at 7-9). The Tenth Circuit's Order states that Petitioner had advised that he had believed his motion to reconsider (Dkts 31, 37) "would extend the time he had to appeal from the dismissal of his § 2241 petition" (Dkt. 43 at 7). The Tenth Circuit, however, stated that "a motion to reconsider would have to be filed no more than 28 days after judgment was entered." *Id.* at 7-8. Therefore, the motion to reconsider could not "serve as a basis to toll the time to appeal from the judgment." *Id.* at 8.

The Court has carefully reviewed the record and construes Petitioner's pleadings liberally. *Haines v. Kerner*, 404 U.S. 519 (1972). While Petitioner did not receive a copy of the Court's Opinion and Order denying his habeas petition until October 1, 2019, he still had until October 16, 2019, to submit his one-page notice of appeal (Dkt. 32). *See* Fed. R. App. P 4(a)(1)(A). Further, he argued to the Tenth Circuit that the reason for his

5

untimely filing of the notice of appeal was his erroneous belief that his motion to reconsider would extend the time to appeal.

"The district court may extend the time to file a notice of appeal if . . . [the] party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(ii). Here, the Court finds Petitioner has failed to demonstrate how the prison lockdown prevented him from filing a timely notice of appeal. Furthermore, the Court does not consider mere ignorance of the Federal Rules of Appellate Procedure either good cause or excusable neglect. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

**ACCORDINGLY,** Petitioner's motion to reconsider the denial of his petition for a writ of habeas corpus (Dkt. 31) and his motion for relief from late filing of a notice of appeal (Dkt. 43) are DENIED. His motion for status of motion for relief from late filing of appeal (Dkt. 46) is DENIED AS MOOT.

**IT IS SO ORDERED** this 16th day of January 2020.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma